[Civ. No. 10328. Fourth Dist., Div. One. Jan. 18, 1971.]

BETTY SMITH STOKES, Plaintiff and Respondent, v.
JOSEPH STOKES III, Defendant and Appellant.

## COUNSEL

Haskins, Farm, Lewis, Nugent & Dale and Thomas P. Nugent for Defendant and Appellant.

John W. Porter for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—By interlocutory decree the wife was divorced from her husband. Based upon an expressly non-modifiable oral agreement of the parties made in open court (see sixth paragraph, § 139 of Civ. Code, as amended in 1967; all references here are to Civ. Code, § 139 as amended in 1967), the husband was ordered to pay support to the wife for four years. When the wife remarried within the four years, the husband refused to pay any more support money. The trial court ordered him to pay, and he appeals, contending the wife's remarriage ended his obligation to support her.

The trial court found the parties orally agreed in open court to the method of payment, within the meaning of Civil Code section 139; the agreement was integrated and, therefore, is not subject to modification or revocation; and by its own terms the interlocutory judgment, ordering the husband to pay certain sums monthly for four years, was not subject to modification or revocation by reason of any later change of circumstances, including the wife's remarriage.

█ The trial court erred as a matter of law. The fourth paragraph of section 139 governs; it provides remarriage terminates a support obligation, unless the parties have otherwise agreed in writing. Here there was no agreement otherwise in writing. There was only an oral agreement in open court, which, under the sixth paragraph of section 139, prevents later "modification or revocation *by court order* . . ." (italics added, Civ. Code, § 139). No court order to terminate is required under the fourth paragraph; only the fact of remarriage or death as the case may be.

The Legislature has given special, particular meaning to the word termination, as opposed to modification or revocation, in section 139. It is reasonable for the Legislature to require the stronger showing of a writing to effect a waiver of the statutory right to termination of support on death or remarriage where that right may be exercised unilaterally and without court order when the event happens. Such is not the case with modification or revocation: they require a court order and the court may then pass upon the validity of any agreement not to modify or revoke. Also the parties are protected from spurious assertions of oral agreements not to modify or revoke, by the requirement any agreement be made in open court.

Order reversed.

Whelan, J., and Ault, J., concurred.